IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| REACTOR SERVICES § <br> INTERNATIONAL, INC. § <br> Plaintiff, § <br> § <br> v. § <br> § <br> UNITED REFINING COMPANY § <br> Defendant. § | Civil Action No. 3:18-CV-00210 |

## COMPLAINT

REACTOR SERVICES INTERNATIONAL, INC., ("RSI" or "Plaintiff"), files this Complaint (amendment to Plaintiffs' Original Petition filed in state court) against Defendant UNITED REFINING COMPANY, ("URC" or "Defendant") subject to and without waiving its Motion to Remand. The Motion to Remand is referred to in a Pre-Motion Letter to the Court dated August 15, 2018 and the Motion to Remand will be filed within 30 days of the notice of removal as required by the applicable rules.

### A. Parties

1. Plaintiff, RSI, is corporation that is organized under the laws of the State of Texas whose address is 200 Avenue I, Alvin, TX 77511.

2. Defendant, URC, is a corporation that is incorporated under the laws of the State of Pennsylvania. Defendant has its principal place of business in the State of Pennsylvania. Defendant does not have a registered agent for service of process in the State of Texas. Service of process on defendant has been made according to the laws of

1

the State of Texas by serving the Secretary of State of Texas for service by mail to United Refining Company at Dobson Avenue and Bradley St., Warren, Pennsylvania, 16305.

## B.  Jurisdiction

3.  Exclusive Jurisdiction over the lawsuit is in the 149th Judicial District Court of Brazoria County, Texas where the case was first filed, pursuant to an agreement between the parties.

4.  URC has minimum contacts with the State of Texas and the exercise of jurisdiction over URC by the courts of the State of Texas would not be unreasonable and would not violate traditional notions of fair play and substantial justice and URC's due process rights under the constitutions of both Texas and the United States of America.

## C.  Venue

5.  Exclusive venue is in the 149th Judicial District Court of Brazoria County, Texas where the case was first filed, pursuant to an agreement between the parties.

## D.  Conditions Precedent

6.   All conditions precedent have been performed or have occurred.

## E.  Facts

7.   URC initiated contact with RSI in Texas and specifically requested that RSI do work for URC.  URC requested that RSI use crew members and specialized equipment from Texas to do the work. On or about September 1, 2017 URC accepted and incorporated RSI's quotation #10-2990 Rev. B at which time there was a contract (the "Contract" or "contract") between RSI and URC for the purchase and sale of goods and services.  URC purchased substantial goods from RSI in Texas.  URC agreed to pay for

2

the goods and services in Brazoria, Texas. Additionally, URC sent an email June 8, 2018 where it agreed that it owed RSI $339,495.00 which email constituted an additional contract to pay RSI $339,495.00. Additionally, URC requested RSI to perform additional work beyond the scope of the Contract which was performed by RSI but URC failed and refused to pay for the additional work.

8. Thereafter RSI fully performed its duties and obligations under the contracts.

### F.  Count I - Breach of Contracts

9. RSI re-alleges Paragraphs 1-8 above as and for Paragraph 9 of this Count I as if fully set forth herein.

10. URC breached the contracts by failing to pay the amounts owed to RSI.

11. These breaches of contracts by URC were material and have damaged RSI.

### G.  Count II - Fraud

12. RSI re-alleges Paragraphs 1-11 above as and for Paragraph 12 of this Count II as if fully set forth herein.

13. URC made certain representations related to out of scope work to induce RSI to enter into contracts to perform work and promised to pay for said work.

14. RSI relied on the representations made by URC in entering the contracts.

15. These representations were false, and URC never intended to make payments for out of scope work.

16. This conduct by URC constitutes fraud in the inducement and RSI has been damaged.

### H. Count III- Unjust Enrichment

17. RSI re-alleges Paragraphs 1-16 above as and for Paragraph 17 of this Count III as if fully set forth herein.

18. URC required RSI to do additional work for which URC received benefit, but refused to pay RSI for such work. As a result, URC has been unjustly enriched and RSI has been damaged.

### I. Damages

19. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages:

    a. Breach of Contracts damage in the amount of Six Hundred and Twelve Thousand Dollars ($612,000.00).

    b. Fraud damage in the amount of Six Hundred and Twelve Thousand Dollars ($612,000.00).

    c. Unjust enrichment damage in the amount of Six Hundred and Twelve Thousand Dollars ($612,000.00).

    d. Punitive Damages in the amount of One Million Two Hundred Thousand Dollars ($1,200,000.00).

### J. Attorney Fees & Costs

20. RSI is entitled to an award of attorney fees and costs pursuant to state law.

### K. Prayer

21. For these reasons, RSI asks for judgment against URC for the following:

    a. Actual damages of $612,000.00

    b. Prejudgment and post judgment interest.

    c.    Reasonable attorney fees.

    d.    Punitive Damages in the amount of One Million Two Hundred Thousand Dollars ($1,200,000.00).

    e.    Costs of suit.

    f.    All other relief the Court deems appropriate.

Respectfully Submitted,

THE KIRKLIN LAW FIRM, P.C.

By: _____
Charles B. Kirklin
ckirklin@kirklinlaw.com
State Bar No. 11523500
12600 N Featherwood Dr., Suite 225
Houston, TX 77034
Telephone: (713) 571-8300
Fax: (281) 922-6240

## **CERTIFICATE OF SERVICE**

I certify that, on August 17, 2018, a true and correct copy of the foregoing correspondence was served in accordance with the Federal Rules of Civil Procedure on the following counsel of record.

James A. Reeder, Jr.
Kallie Gallagher
Vinson & Elkins
1001 Fannin St, Suite 2500
Houston TX 77002-6760
713-758-2202
713-615-5947 - Fax
jreeder@velaw.com

*Counsel for Defendant United Refining Company*

　　　　　　　　　　　　　　　　　　　　*/s/ Charles Kirklin*
　　　　　　　　　　　　　　　　　　　　Charles Kirklin