United States District Court
Southern District of Texas
**ENTERED**
May 14, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| REACTOR SERVICES INTERNATIONAL, INC. | § § § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:18–CV–00210 |
| UNITED REFINING COMPANY | § § § | |
| Defendant. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Reactor Services International, Inc. ("Reactor") and Defendant United Refining Company ("United Refining") entered into a Construction Agreement in September 2017. Reactor claims that United Refining requested Reactor perform additional work beyond the scope of the contract, Reactor performed the work, and United Refining refused to pay for the additional work.

Reactor originally filed this lawsuit in Texas state court in Brazoria County, Texas, alleging causes of action for breach of contract, fraud, and unjust enrichment. United Refining timely removed this action to federal court. Reactor then moved to remand to state court, arguing that the parties are bound by a forum selection clause which establishes exclusive venue in Brazoria County, Texas.

The Construction Agreement states, in pertinent part, that United Refining "covenants and agrees to pay to Contractor Fixed and Firm Total Contract Price **of $432,862.50 PER YOUR QUOTATION #10-2990-REV. B** [the "Quotation"], [f]or the

full and faithful performance of all work covered by this Agreement . . . ." Dkt. 15-2 at 5 (emphasis in original). Reactor argues that the Construction Agreement's reference to the Quotation incorporates and adopts all the Quotation's terms, including a forum selection clause. United Refining, on the other hand, contends that the contractual language specified above is insufficient to incorporate the entire Quotation, including the forum selection clause, into the Construction Agreement.

After conducting an evidentiary hearing, United States District Court Judge George C. Hanks, Jr. denied Reactor's Motion to Remand on January 18, 2019, finding that "[t]he parties came to no meeting of the minds as to whether the forum selection clause in 'the Quotation' (Dkt. 15-3 at 6) should be incorporated in to the Construction Agreement." Dkt. 33 at 1. Moreover, Judge Hanks specifically determined that "the parties have not agreed to a forum selection clause." *Id.* at 2.

United Refining has filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) ("United Refining's Motion to Dismiss"), arguing, among other things, that this Court lacks both general and specific personal jurisdiction over it. *See* Dkt. 18. United Refining maintains that it is a Pennsylvania corporation with its principal place of business in Pennsylvania, and that it does not do any business in Texas, does not maintain a principal place of business in Texas, and does not have any offices or employees in Texas. Furthermore, United Refining asserts that it does not own any property or assets in Texas, does not maintain a bank account in Texas, and does not owe taxes in Texas. United Refining's Motion to Dismiss was referred to this Court by Judge Hanks for report and recommendation. *See* Dkt. 34.

Under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "A plaintiff must make a prima facie showing that the defendant is subject to personal jurisdiction." *Barrow v. Sutton*, No. H-14-200, 2014 WL 3485188, at *2 (S.D. Tex. July 11, 2014).

There is no dispute that this Court lacks personal jurisdiction over United Refining. Indeed, in response to United Refining's Motion to Dismiss, Reactor readily admits that "this Court lacks both General and Specific Jurisdiction [over United Refining] in this case." Dkt. 22 at 6. Because personal jurisdiction does not exist, Reactor pins its hopes on its claim that the parties agreed on a forum selection clause to litigate any and all disputes in Brazoria County, Texas. The problem with this argument is that this Court has already found that there is no valid and enforceable forum selection clause. As such, this Court must dismiss this case under Rule 12(b)(2) for lack of personal jurisdiction. Because this Court does not possess personal jurisdiction over United Refining, this Court need not rule on United Refining's Rule 12(b)(6) motion to dismiss.

For the reasons stated above, the Court RECOMMENDS that United Refining's Motion to Dismiss be GRANTED. This Court cannot exercise personal jurisdiction over United Refining. The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 14th day of May, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE